IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELLIS F. LALAU, | ) | CIVIL NO 06-00414 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII STEVEDORES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT HAWAII STEVEDORES, INC.'S MOTION FOR BILL OF COSTS**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiff Ellis F. Lalau's ("Plaintiff") objections to Defendant Hawaii Stevedores, Inc.'s Motion for Bill of Costs ("Objections"), filed June 17, 2008. Defendant Hawaii Stevedores, Inc. ("Defendant") filed its Bill of Costs on June 5, 2008. Defendant International Longshore & Warehouse Union, Local 142 filed a statement of no opposition on June 9, 2008. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.

On September 12, 2008, this Court issued an Entering Order ("9/12/08 EO") which noted that Defendant's Bill of Costs did not comply with the applicable Local Rules. In particular, Defendant's Bill of Costs did not address the meet-and-confer

requirement and did not include the required supporting documentation for the requested costs.  See Local Rule LR54.2(c).[1]  This Court gave Defendant leave to file supplemental documentation in support of its Bill of Costs by September 19, 2008.  The 9/12/08 EO cautioned Defendant that, if it did not file the supplemental documentation, this Court would recommend that the Bill of Costs be denied with prejudice.

Defendant did not file any supporting documentation.

This Court therefore FINDS and RECOMMENDS that Plaintiff's Objections be GRANTED and that Defendant's Bill of Costs be DENIED WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

---

[1] Local Rule 54.2(c) states, in pertinent part:

> The Bill of Costs must state separately and specifically each item of taxable costs claimed. . . .  <u>The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs</u>, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held. . . .  <u>Any vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits</u>.

Local Rule 54.2(c) (emphases added).

DATED AT HONOLULU, HAWAII, September 23, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ELLIS F. LALAU V. HAWAII STEVEDORES, INC., ET AL; CIVIL NO. 06-00414 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT HAWAII STEVEDORES, INC.'S MOTION FOR BILL OF COSTS**